**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

K.A. V.O.

Plaintiff,

v.

Case No.: 1:26−cv−05105
Honorable Edmond E. Chang

Markwayne Mullin

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, May 4, 2026:

MINUTE entry before the Honorable Edmond E. Chang: The Petitioner has filed a 28 U.S.C. 2241 habeas petition challenging his detention in the custody of the Office of Refugee Resettlement. The Respondents are ordered to respond to the habeas petition by 05/08/2026. The Petitioner shall reply by 05/12/2026. In addition, the Respondents shall file a preliminary status report by 05/06/2026 stating: (1) whether the Petitioner was located in the Northern District of Illinois at the time this case was filed; (2) the current status of the Petitioner's immigration proceedings; and (3) the Petitioner's current location and the proper Respondent based on that location. Under the authority of the All Writs Act, 28 U.S.C. 1651, the government is ordered not to remove the Petitioner from the jurisdiction of the United States and not to transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin. A.A.R.P. v. Trump, 605 U.S. 91, 97 (2025) (per curiam) (citing 28 U.S.C. § 1651(a)) ("[T]he Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter."); United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.") If the Petitioner is already, as of the posting of this order, located outside of Illinois, Indiana, or Wisconsin but within the United States, or is in the midst of transportation outside of those States to another State, then this bar on transfer does not require the immediate return of the Petitioner as long as Respondent intends to hold the Petitioner within the United States. Instead, the parties and the Court will address the issue after the Respondent makes the preliminary filing. The Clerk shall email a copy of this order to Tom Walsh, Chief of the Civil Division, United States Attorney's Office, Northern District of Illinois, Craig Oswald, AUSA, United States Attorney's Office, Northern District of Illinois, and Joshua Press, AUSA, United States Attorney's Office, Northern District of Illinois. To track the case only (no appearance is required, the case will not be called), a tracking status hearing is set for 05/15/2026 at 8:30 a.m. The parties shall file a joint status report on 05/13/2026. Emailed notice (mw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.