**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| K.A.V.O., | | |
| Petitioner, | | No. 1:26-CV-05105 |
| v. | | Judge Edmond E. Chang |
| MERY TROCHEZ ALBERTO,[1] | | |
| Respondent. | | |

**ORDER**

K.A.V.O. is a non-citizen, immigrant child who petitions this Court for a writ of habeas corpus, seeking his release from detention by the Office of Refugee Resettlement. R. 1, Pet.[2] As a threshold matter, the government contends that venue is improper in this District because K.A.V.O. is detained at a facility located in the Eastern District of Pennsylvania—and he was there when the petition was filed—so that is where his custodian must be sued as the proper respondent. R. 10, Gov't's Resp. For the following reasons, the Court agrees and transfers this case forthwith to the United States District Court for the Eastern District of Pennsylvania.

The parties agree on the general principle for habeas venue, at least as to adult habeas petitioners: "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility … , not … some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also* 28 U.S.C. § 2242. K.A.V.O. contends first that an exception

---

[1]Because "the default rule is that the proper respondent is the warden of the facility where the [petitioner] is being held," *Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)), the Court substitutes Mery Trochez Alberto as the proper respondent under Civil Rule 25(d). *See* R. 9, Gov't's Status Report at 2. As explained in this Order, no other person or entity could be the proper respondent.

[2]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 2241.

exists for children in detention because they are "always in some form of custody." *Schall v. Martin*, 467 U.S. 253, 265 (1984); R. 11, Reply at 2. And non-citizen, immigrant children who are detained, K.A.V.O. contends, are kept in the "legal custody" of the federal government. *Reno v. Flores*, 507 U.S. 292, 310–11 (1993); Reply at 2.

But "[t]he Supreme Court has recognized that the term 'custody' will have different meanings in different contexts." *United States v. Hernandez-Arenado*, 571 F.3d 662, 666 (7th Cir. 2009). So in habeas proceedings, the relevant question is immediate, *physical* custody because that custodian is capable of producing the petitioner if a court finds the petitioner's detention unlawful. *Id.* It is true that other entities— like the federal government—or other people can simultaneously have *legal* custody of a person, even if they are not the physical custodians. *Cf. United States v. Carson*, 539 F.3d 611, 612 (7th Cir. 2008); *Sanchez v. R.G.L.*, 761 F.3d 495, 505 (5th Cir. 2014). But that simply means that non-citizen, immigrant children are not different from prisoners, who might be considered to be in the legal custody of the federal government, the Bureau of Prisons, or the Attorney General, *see, e.g.*, *United States v. Comstock*, 560 U.S. 126, 130–31, 142 (2010), yet in the physical custody of a more immediate custodian, *see, e.g.*, *Stanbridge v. Scott*, 791 F.3d 715, 721 (7th Cir. 2015); *Rumsfeld*, 542 U.S. at 435.[3]

Nor does it matter that some cases have proceeded with named respondents who are not the immediate custodian. Reply at 2. To be sure, the Seventh Circuit refers to the intertwined questions of the proper respondent and venue as "jurisdiction[al]." *See, e.g.*, *Samirah v. O'Connell*, 335 F.3d 545, 551 (7th Cir. 2003). But the requirements are best understood as running to personal, and not subject matter, jurisdiction. *See, e.g.*, *Rumsfeld*, 542 U.S. at 434 n.7; *Moore v. Olson*, 368 F.3d 757,

---

[3]Some courts have discussed a related distinction between habeas petitioners detained in private-contract facilities and those detained in federal facilities. *See, e.g.*, *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1183–87 (N.D. Cal. 2017); *Grant v. Decker*, 2020 WL 3402445, at *2–3 (S.D.N.Y. June 19, 2020); *Santos v. Smith*, 260 F. Supp. 3d 598, 607–08 (W.D. Va. 2017). *But see Doe v. Garland*, 109 F.4th 1188, 1194–97 (9th Cir. 2024) (rejecting distinction). Whatever the merits of this theory, the Court does not consider it for two reasons. First, K.A.V.O. does not articulate it, so it is waived. *Cf. United States ex rel. Absher v. Momence Meadows Nursing Ctr., Inc.*, 764 F.3d 699, 711–12 (7th Cir. 2014) (noting that theories may be waived even if factually and legally supported). Second, this distinction that other courts recognize likely would not be approved by this Circuit. *See Kholyavskiy v. Achim*, 443 F.3d 946, 948–953 (7th Cir. 2006) (holding that immediate custodian at state facility is proper respondent for petitioner subject to federal immigration proceedings).

759 (7th Cir. 2004); *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005), *overruled on other grounds by Agofsky v. Baysore*, 160 F.4th 857, 866 (7th Cir. 2025). These requirements thus are waivable, *cf. Webster v. Daniels*, 784 F.3d 1123, 1145 (7th Cir. 2015) (en banc), *abrogated on other grounds by Jones v. Hendrix*, 599 U.S. 465, 480 (2023), so the fact that cases have named respondents other than those with physical custody does not undermine the immediate-custodian rule.

Even if the Office of Refugee Resettlement were the proper respondent, K.A.V.O. fails to show that the Office should be sued in this District rather than in Eastern Pennsylvania. Separate from whom should be named, § 2241 requires that petitioners bring proceedings in "the federal district in which the petitioner is detained." *al-Marri v. Rumsfeld*, 360 F.3d 707, 709 (7th Cir. 2004) (interpreting phrase in § 2241(a) that writs may be granted by courts only "within their respective jurisdictions"). This requirement of habeas petitions also distinguishes K.A.V.O.'s case from another that he cites, in which the Fifth Circuit considered a suit brought under the International Child Abduction Remedies Act and concluded that no jurisdictional defect arose from the naming of a respondent who was not the physical custodian. *Sanchez*, 761 F.3d at 500, 504–07. And K.A.V.O.'s arguments about public policy fall short of showing that any other judicial district, let alone all judicial districts, should be amenable to habeas petitions like his. *See al-Marri*, 360 F.3d at 709–712.

Although this case must be transferred, the parties report that the Office of Refugee Resettlement expects to make a decision by May 26, 2026. R. 12, Joint Status Report. Whether further litigation is necessary before or after that decision, however, is a dispute that must continue where K.A.V.O. was detained at the time he filed this petition. The Court thus transfers this case to the Eastern District of Pennsylvania.

On the administrative stay, R. 4, it is modified to order the government not to remove the Petitioner from the jurisdiction of the United States. Either side may seek to modify or to vacate the stay after the case arrives in the Eastern District of Pennsylvania.

ENTERED:

Honorable Edmond E. Chang
United States District Judge

DATE: May 15, 2026

3